Susan A. SCHNEIDER, Plaintiff,

v.

THOMSON NATIONAL PRESS COMPANY, Defendant.

No. 77–C–221.

United States District Court, E. D. Wisconsin.

June 14, 1977.

Kersten & McKinnon by Kevin M. O'Donnell, Milwaukee, Wis., for plaintiff.

Borgelt, Powell, Peterson & Frauen by Terry E. Johnson, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The defendant has moved to dismiss the plaintiff's action. The motion was originally filed in the district court for the district of Massachusetts. The venue was transferred here pursuant to an order of the latter court. The motion to dismiss was not determined prior to the transfer.

The defendant's motion is based on its contention that the statute of limitations has run; that the complaint fails to state a cause of action upon which relief can be granted; that there is an absence of privity between the plaintiff and the defendant; and that the doctrine of strict liability is not applicable. The plaintiff agrees that her third count should be dismissed, and thus it is unnecessary for the court to consider the defendant's arguments in regard to such count.

The complaint alleges that the plaintiff was injured on October 14, 1972, while working with a "cutting and creasing machine" manufactured by the defendant. In her first cause of action, she charges that the defendant was negligent in its design and manufacture of the machine and that its parts were defective and unsafe for ordinary use. Her second cause of action charges the same general circumstances but is based on strict liability.

■ The action was commenced in the federal court in Massachusetts on October 10, 1975, just a few days short of three years after the accident. Thus, the action was timely under the Wisconsin three-year statute, § 893.205(1), Wis.Stats. It would have been barred, however, under a two-year Massachusetts statute of limitations, Mass.Gen.Laws, chap. 260, § 2A. In his well-reasoned order transferring the case to the eastern district of Wisconsin, Judge Murray observed that if the case were tried in Massachusetts, the Massachusetts statute of limitations would apply. However, he did not purport to determine with finality which state's law of limitations would apply upon the transfer to Wisconsin. *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), does not require a finding that the Massachusetts two-year period is applicable. In my opinion, the plaintiff's action was timely under the Wisconsin three-year statute, and therefore, the plaintiff's action may properly proceed here now that the case has been transferred to this court.

■ The defendant urges that *Dippel v. Sciano,* 37 Wis.2d 443, 155 N.W.2d 55 (1967), is not applicable because the machine in question was sold by the defendant prior to the date of the decision. In my opinion, it is the date of injury which is material. Therefore, it follows that there is no retroactivity problem in applying *Dippel* to the case at bar.

■ I find that counts I and II of the plaintiff's complaint state causes of action upon which relief might be granted, and therefore the defendant's motion to dismiss may not be granted as to counts I and II. The plaintiff concedes that count III may be dismissed. The plaintiff has suggested that an oral argument be held, but I find it unnecessary.

Therefore, IT IS ORDERED that the defendant's motion to dismiss be and hereby is denied as to counts I and II.

IT IS ALSO ORDERED that the defendant's motion to dismiss be and hereby is granted as to count III.